JOHN SPILLE, appellant,

*v.*

MARY SPILLE, respondent.

[Argued November 29th and 30th, 1904. Decided March 6th, 1905.]

Where complainant, after a bond and mortgage as security for his payment of alimony awarded to the defendant had been given, invited her to return to his house merely for the purpose of inducing her to have the mortgage canceled, her refusal to return was not a desertion entitling complainant to a divorce.

On appeal from a decree advised by Vice-Chancellor Reed, who filed the following opinion:

The evidence has not convinced me that this separation amounted to an obstinate desertion by the wife. I do not think that either of the parties is free from fault, and I think that this husband and this wife, and their children, should be living under one roof, as one family.

The question submitted is whether the separation, either at the time when the husband left to go to Philadelphia or subsequently, became a desertion by the wife.

In the first place, the husband left his wife under circumstances which made it entirely proper to do so. He got work in Philadelphia, went there to attend to it. He then went to Rahway, under circumstances which seem to have made that an entirely proper thing for him to do. Rahway was accessible to his work and New Brunswick was not.

. He then rented a house in Rahway and the wife moved there. She found no preparation made, nor did she receive any assistance, nor was such assistance offered by her husband in locating herself there and in placing the furniture. In fact, all the circumstances show that her presence there was a great annoyance to him. He did not want her there. He had rented the house, to be sure, but he evidently did not wish her to go, and when he found that she had come there he did not wish her to stay. She moved back again to New Brunswick, under circumstances which, in my judgment, made the husband the deserter and not the wife.

Affairs remained in that position from that time until 1894, when the husband visited his wife with his friend, Mr. Sherry, and then made a request of his wife that she should go to Philadelphia and live with him there. I do not think that he made that offer for the purpose of laying a foundation for subsequently filing a bill for divorce, but I do think that he made the offer for the purpose or in the endeavor to get rid of a bond and mortgage which his mother had given as security for his payment of the amount which this court had awarded on a bill for alimony and maintenance.

Then following his request for her to go to Philadelphia to live with him, and her promise to return to him, the letter was written by Judge Strong, her lawyer, and in that letter it was stated that they were satisfied that this offer of his was made merely for the purpose of getting her to return and compelling her to have that mortgage upon his mother's property canceled. Now, from that day to this, he has never made any reply to that letter; he never said that that was not his purpose, or that "it is a *bona fide* offer that I have made you, and I want you to come to me and live under my roof, and remain with me and become reconciled, so that we could live together as husband and wife;"

not one single word from that time down to this has he written to her. When he left her on that occasion he left her under the impression that that was his purpose; that when he got her to Philadelphia he, by some means, after she was under his own roof, could get her to have that mortgage canceled.

Now, taking that fact, the tone of his letters and the fact that he wrote the letters to his daughter and not to her, and all the circumstances surrounding the case, I think it is not proved that he ever made that offer for her to return to live with him in good faith, so as to lay a foundation for a divorce for desertion.

If the husband should in the future lay such a foundation by making an offer which I think she ought to accept, then it can be put in such shape that if two years should elapse from the time of making the offer, and she failing to accept it, I think it would be proper then to hold that she had deserted her husband. But, under the evidence as produced before me, I am not convinced that the separation has amounted to an obstinate desertion by the wife, and the bill must be dismissed, with costs.

*Mr. Theodore B. Booraem,* for the appellant.

*Mr. Alan H. Strong,* for the respondent.

PER CURIAM.

The decree appealed from is affirmed, for the reasons set forth in the opinion of Vice-Chancellor Reed, filed in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GRAY—11.

*For reversal*—None.